IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:21-cv-01814-WJM-NYW

ADVANCED EXTERIOR, INC.,

     Plaintiff,

v.

LIBERTY MUTUAL GROUP, INC.,
LIBERTY MUTUAL HOLDING COMPANY INC.,
LIBERTY MUTUAL INSURANCE COMPANY,
LIBERTY MUTUAL PERSONAL INSURANCE COMPANY,
LIBERTY INSURANCE CORPORATION, and
LM INSURANCE CORPORATION

     Defendants.

---

## ORDER

---

Magistrate Judge Nina Y. Wang

This matter comes before the court on Defendant's Motion to Stay Discovery (the "Motion" or "Motion to Stay") [Doc. 26, filed on October 6, 2021] by Defendant Liberty Mutual Group, Inc. ("Liberty Mutual Group"). The court considers the Motion pursuant to 28 U.S.C. § 636(b), the Order Referring Case dated July 7, 2021 [Doc. 4], and the Memorandum dated October 12, 2021. [Doc. 28]. After carefully reviewing the Motion, the entire case file, and the applicable case law, I respectfully **GRANT IN PART and DENY IN PART** the Motion to Stay.

### PROCEDURAL AND RELEVANT FACTUAL BACKGROUND

Plaintiff initiated this action on July 2, 2021 by filing a complaint against Liberty Mutual Group alleging that Defendant denied Plaintiff's insurance claims. [Doc. 1]. On September 23, 2021, Liberty Mutual Group filed a Motion to Dismiss Plaintiff's Complaint ("Motion to Dismiss") on the grounds that it was an improper defendant. *See* [Doc. 24]. On October 6, 2021,

Liberty Mutual Group filed the instant Motion to Stay, seeking to stay discovery pending resolution of the Motion to Dismiss [Doc. 24].  In the Motion to Stay, Liberty Mutual Group restates that it filed the Motion to Dismiss on the grounds that Liberty Mutual Group is the wrong party to Plaintiff's lawsuit.  [*Id*. at 1]; *see also* [Doc. 24].  More specifically, it asserts that "Liberty Mutual Group, Inc. is not an insurance company, does not perform the functions of an insurer, and does not have the requisite insurance relationship with Plaintiff or any of its customers to support Plaintiff's claims."  [Doc. 26 at 1–2]; *see also* [Doc. 24].  Liberty Mutual Group thus requests a stay of discovery "to avoid the significant undue burden on the [c]ourt and Liberty Mutual Group, Inc. that will result if Plaintiff is permitted to proceed with discovery against an improperly named defendant."  [Doc. 26 at 7].  Plaintiff has not responded to the Motion to Stay.

On October 13, 2021, the court held a Status Conference where Plaintiff indicated it planned to file an amended complaint on or before October 14, 2021. [Doc. 29 at 1].  At the Status Conference, the undersigned reset the Scheduling Conference—which was set to occur during the October 13 Status Conference—to January 11, 2022.  [*Id*.].  On October 14, 2021, Plaintiff filed the First Amended Complaint and Jury Demand ("Amended Complaint") naming as Defendants Liberty Mutual Group, Inc., Liberty Mutual Holding Company Inc., Liberty Mutual Insurance Company, Liberty Mutual Personal Insurance Company, Liberty Insurance Corporation, and LM Insurance Corporation (collectively, "Liberty Entities").  [Doc. 30].  The additional Liberty Entities beyond Liberty Mutual Group have yet to be served, and it is unclear from the record whether the current defense counsel will be authorized to accept service on behalf of these additional Defendants.

2

## ANALYSIS

Whether to stay discovery is a matter left to the sound discretion of the trial court. *Wang v. Hsu*, 919 F.2d 130, 130 (10th Cir. 1990).  Indeed, the Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings, but the power to stay "is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254-55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).  In determining whether a stay is appropriate, the court considers the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay, the burden on the defendants in proceeding in the action, and the convenience to the court, as well as the interests of non-parties and the public. *String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02-cv-01934-LTB-PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (citing *FDIC v. Renda,* No. 85-2216-O, 1987 WL 348635, at *2 (D. Kan. Aug. 6, 1987)).  Courts in this District generally disfavor the stay of all discovery, *see Wason Ranch Corp. v. Hecla Mining Co.*, No. 07-cv-00267-EWN-MEH, 2007 WL 1655362, at *1 (D. Colo. June 6, 2007), but such a stay may be appropriate pending the resolution of a Motion to Dismiss impacting immunity or jurisdictional issues. *Clarendon Nat'l Ins. Co. v. Glickauf*, No. 18-cv-02549-CMA-NYW, 2019 WL 1897845, at *2 (D. Colo. Feb. 14, 2019).

Here, in light of (a) the reset Scheduling Conference to January 11, 2022 and (b) the Amended Complaint, including the Liberty Entities identified therein, discovery should not proceed until at least January 2022.  Given the uncertainties surrounding the Defendants, and the fact that discovery could be impacted by the identity of the Defendants, it does not appear that this case is ready for discovery. This case is in the early stages of litigation, and I find no evidence of

undue delay, undue prejudice to Defendants, bad faith, or dilatory motive. Thus, a stay of discovery until at least the service of the Liberty Entities is completed and the court can more fully consider the procedural posture of the case (including, but not limited to, whether the existing Motion to Dismiss is viable or whether some or all of the Liberty Entities will forego a Motion to Dismiss).

However, insofar as Liberty Mutual Group requests that this court stay discovery until its pending Motion to Dismiss, or some other forthcoming dispositive motion filed on behalf of all Liberty Entities, is decided, this court declines to enter such a wholesale stay at this time. Without more information, this court cannot determine whether circumstances exist to diverge from this District's long-held authority that stays are disfavored. *See Wason*, 2007 WL 1655362, at *1. Indeed, to the extent that some of the additional Liberty Entities do not file a dispositive motion, it is unclear that there would be any basis to stay discovery as to them. To the extent that the Liberty Mutual Group or some or all of the Liberty Entities find it to be appropriate to seek a stay once their respective responses to the Amended Complaint are filed, they may do so.[1]

<strong>CONCLUSION</strong>

For the foregoing reasons, **IT IS ORDERED** that:

(1) The Motion to Stay Discovery [Doc. 26] is **GRANTED IN PART and DENIED IN PART**.

DATED:  October 19, 2021                          BY THE COURT:

_____
Nina Y. Wang
United States Magistrate Judge

---

[1] In so deciding, this court does not pass on the merits of Defendant's pending Motion to Dismiss [Doc. 24], or whether such Motion to Dismiss is moot in light of the filing of the Amended Complaint.